Matthew A. Rosenthal, Esq. (SBN 279334)
Matt@westgatelaw.com
Westgate Law
15760 Ventura Blvd., Suite 880
Los Angeles, CA  91436
T: (818) 200-1497; F: (818) 574-6022
Attorneys for Plaintiff,
MILA ACKWORTH

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| MILA ACKWORTH, | Case No.: 2:15-cv-08305 |
| Plaintiff, | **COMPLAINT** |
| v. | **(Unlawful Debt Collection Practices)** |
| GC SERVICES, LP, | |
| Defendant. | |

MILA ACKWORTH (Plaintiff), by her attorneys, WESTGATE LAW, alleges the following against GC SERVICES, LP (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq.* (RFDCPA).

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state law claims contained herein.

4. Defendant conducts business in the state of California; therefore, personal jurisdiction is established.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

6. Plaintiff is a natural person residing in Los Angeles, Los Angeles County, California.

7. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a corporation engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in Houston, Texas. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another Defendant is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

## FACTUAL ALLEGATIONS

10. Since 2015, and specifically within one year prior to the filing of this action, Defendant contacted and/or attempted to Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt" originally owed to someone other than Defendant.

11. Defendant sent a letter to Plaintiff dated October 5, 2015 in an attempt to collect a debt

from Plaintiff allegedly owed by Plaintiff to Synchrony Bank. *See* Collection Letter attached hereto as Exhibit "A."

12. Plaintiff's alleged debt owed to Synchrony Bank arose from transactions for personal, household, and/or family purposes on a personal credit account.

13. Defendant's October 5, 2015 letter was Defendant's initial correspondence with Plaintiff.

14. Defendant's letter stated as follows:

> If you dispute this balance or the validity of this debt, please contact us. If you do not dispute this debt within 30 days after you receive this letter, we will assume this debt is valid. However, if you do dispute all or any of portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

*See* Exhibit "A."

15. Defendant's letter failed to state that a writing is required from Plaintiff disputing the debt or requesting verification in order for Defendant to provide verification of the debt. *See* Exhibit "A."

16. On or around October 17, 2015, Defendant placed a collection call to Plaintiff at Plaintiff's cellular telephone, 323-551-73XX.

17. In the voicemail message, Defendant's representative, "Jane Rader," failed to state the name of the company placing the call, failed to state that the call was from a debt collector, and failed to state that the call was being placed in an attempt to collect an alleged debt. *See* Transcribed Voicemail Message attached hereto as Exhibit "B."

18. In the voicemail message, Defendant directed Plaintiff to return the call to 1-800-846-6406 extension 5064, which is a number that belongs to Defendant. *See* Exhibit "B."

# COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d(6) of the FDCPA by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity;

    b. Defendant violated §1692e(11) of the FDCPA by failing to disclose in a voicemail communication with Plaintiff that Defendant was attempting to collect a debt and that any information would be used for that purpose;

    c. Defendant violated §1692g(a)(4) of the FDCPA by failing to include in its initial correspondence with Plaintiff a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

    d. Defendant violated §1692g(a)(5) of the FDCPA by failing to include in its initial correspondence with Plaintiff a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor

WHEREFORE, Plaintiff, MILA ACKWORTH, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

22. Any other relief that this Honorable Court deems appropriate.

# COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

24. Defendant violated the RFDCPA based on the following:

    a. Defendant violated §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692.

WHEREFORE, Plaintiff, MILA ACKWORTH, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

25. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

26. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

27. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: October 23, 2015            WESTGATE LAW

By: /s/ Matthew A. Rosenthal
Matthew A. Rosenthal
Attorney for Plaintiff